FILED
MAY 30 2013
Clerk Superior Court No. 2 Tippecanoe Co.

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE TIPPECANOE SUPERIOR COURT 2 |
| | )SS: | TO THE 2013 TERM |
| COUNTY OF TIPPECANOE | ) | |

APRIL RICHESIN,  )
    Plaintiff,  )  CASE NO. 79D02-1305-PL-00021
    )
v.  )
    )
RJM ACQUISITIONS LLC  )
    Defendant.  )

## COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.*

Comes now the Plaintiff, APRIL RICHESIN, (hereinafter "Plaintiff"), by counsel, Melissa Wilkes, and alleges that RJM ACQUISITIONS LLC (hereinafter "RJM") violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") as follows:

### PARTIES

1. Plaintiff is an individual citizen and resident of the State of Indiana.

2. Defendant is a limited liability company with offices at 575 Underhill Blvd., Suite 224, Syosset, NY 11791.

3. Defendant conducts business in the State of Indiana and in the County of Tippecanoe.

4. Defendant is engaged in the business of purchasing allegedly defaulted debts originally owed to others and incurred for personal, family, or household purposes.

5. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6).

### FACTUAL ALLEGATIONS

6. On or about June 12, 2012, RJM sent plaintiff a collection letter attached as **Exhibit A** and incorporated herein by reference.

1

7. Exhibit A sought to collect a debt in relation to a scholastic account incurred for personal, family, or household purposes and not for business purposes.

8. If the debt is owed at all, it was incurred on March 2, 2005.

9. The statute of limitations on a credit account in Indiana is six (6) years.

10. The statute of limitations for the debt in question expired on March 2, 2011.

11. Defendant regularly attempts to collect debts on which the statute of limitations has expired.

12. Nothing in Exhibit A disclosed that the debt was barred by the statute of limitations.

13. It is the policy and practice of Defendant to send letters seeking to collect time-barred debts that do not disclose the fact that they are time-barred.

14. The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset/shtm).  The FTC entered into a consent decree with Asset Acceptance, LLC, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC, Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.*

15. Plaintiff incorporates the allegations of paragraphs 1 through 14 above as if fully set forth herein and further states as follows:

16. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited 15 U.S.C. §§ 1692(e), 1692(e)(2), 1692(e)(5), 1692(e)(10), and 1692f, by dunning consumers on time-barred debts without disclosure of that fact.

17. The non-disclosure is exacerbated by the offer of a "settlement" in Exhibit A. An offer to settle implies a colorable obligation to pay.

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendant, as follows:

A. Actual damages for violations of the various provisions of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

B. Judgment in the amount of $1,000.00 for violations of the various provisions of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

C. All costs, fees and expenses incurred in this case, including reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and

D. Such other relief as the Court deems just and proper.

Dated: May 30, 2013

Respectfully submitted,

PEARLMAN, CHOSNEK & HOPSON, P.C.
Attorney for the Plaintiff

By: _____
MELISSA WILKES, Atty. No. 28132-29
P.O. Box 708
Lafayette, IN 47902
Telephone: (765) 742-9081
Facsimile: (765) 742-4379
E-mail: mwilkes@chosneklaw.com

3